UNITED STATES
DISTRICT OF CONNECTICUT

| | |
|---|---|
| Jorge Sanchez, Plaintiff, | Civil No: 20-cv-01229 (VAB) |
| V. | "VERIFIED COMPLAINT" WITH JURY TRIAL DEMAND |
| Kenneth Butricks, William Mulligan, Counselor Supervisor/ Americans with Disabilities Act Coordinator Carbone, Captain Rodriguez, Defendants. | AUG 21 2020 AM 11:39 FILED - USDC - BPT - CT |
| | DATE: 8/17/2020 |

## INTRODUCTION: I

1. This is a civil action filed by Plaintiff, Jorge Sanchez, pursuant to 42 U.S.C. §1983. The Plaintiff is alleging violations of the Eighth Amendment to the United States Constitution by [means] of Deliberate Indifference, and Cruel and unusual conditions of Confinement. Plaintiff also alleges Discrimination in violation of the Americans with Disabilities Act, pursuant to 42 U.S.C. §12131 et seq. (2000 ed.). Plaintiff Seeks Compensatory, monetary damages, and Injunctive reliefs against all defendants in their individual and official capacities.

- 1 -

JURISDICTION : II

2. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331, 1343(a)(3), and 42 U.S.C. §12131 et seq. (2000 ed.).

3. This Court has jurisdiction to grant Injunctive relief pursuant to Fed. R. Civ. P 65.

4. This action seeks to redress the deprivation, under color of state law, of rights secured by acts of congress providing for equal rights of persons within the jurisdiction of the united states.

PARTIES : III

5. The Plaintiff, Jorge Sanchez was housed in Cheshire Correctional Institution ("Cheshire") for all times relevant to this action.

6. Defendant Kenneth Butricks ("Butricks") is currently the warden at Cheshire and during all relevent times in this civil action he was the active warden at Cheshire. He is being sued in his individual and official capacities.

7. Defendant William Mulligan ("Mulligan") is currently the District Administrator with the Connecticut Dep-

artment of Corrections ("CT.D.O.C"), during all times relevent to this civil action he was the active District Administrator. He is being sued in his individual and official capacities.

8. Defendant Americans with Disabilities Act Coordinator/Captain Carbone ("Carbone") was the active ADA Coordinator and Captain at Cheshire during all times relevent to this civil action. He is being sued in his individual and official capacities.

9. Defendant Captain Rodriguez was the active unit manager of North One Housing Unit at Cheshire during all times releven to this action. He is being sued in his individual and official capacities.

## FACTS : IV

10. Plaintiff is a qualified prisoner with a disability, in 1994 following a incident where he was shot in his spinal cord and right lung that in turn left his left hip in a state of deterioration so much so that his only way to walk is with a walking cane. Since being in CT.D.O.C he has been housed in handicap/medical cells.

11. On April 27, 2020 plaintiff wrote a request to the matainance supervisor to fix his leaking sink which is conne-

- 3 -

cted to his toilet.

12. The plaintiff did not get a response to his request.

13. Plaintiff on April 27, 2020 asked unit manager defendant Rodriguez if he can be placed in another medical cell untill the leak is fixed because it is unsafe for him to walk in and out of his cell without hurting himself as the sink/toilet is in front of the cell door.

14. Defendant Rodriguez denied plaintiff's request verbally without explanation.

15. There is no active regulation or directive accomodating hadicaped/medical cells when there is a leak or broken toilet.

16. Plaintiff's paraplegic state only allows him the limited opportunity to live reasonablly in a handicap/medical cell. When his cell becomes unsafe to live in the plaintiff will be forced to live under such conditions untill it is fixed which often takes at minimum two weeks.

17. Non-handicap prisoners under the same cercumstances are moved to safe usable cells upon request, the same rule does not apply to prisoners in plaintiff's condition. The second circuit mandates prisoners with

-4-

disabilities should not be discriminated against........

See. Regional Economic Community Action Program, Inc. V. City of Middletown, 294 F.3d 35, 49 (2d Cir. 2002)

18. Plaintiff could not participate in any out of cell services without being exposed to a serious risk of injury eachtime he attempts to leave his cell.

19. Plaintiff must leave his cell two times a day for medical. The leaking sink/toilet did not provide plaintiff with a "safe and appropriate" avenue to participate in this needed service. This goes against clearly established law as mandated by federal law..
See. Gorman v. Easley, 257 F.3d 738, 751 (8th Cir. 2001).

20. For three weeks plaintiff was forced to live under those conditions and on may 15, 2020 while plaintiff attempted to exit his cell for "medication call and slipped on the pool of water left by the leaking sink/toilet as a direct result of this fall plaintiff exacerbaded his already deteriating condition.

21. On may 16, 2020 plaintiff wrote a request for reasonable accomodations seeking a handicap available cell because even after falling the day before and getting treated by medical he was forced back into the same

cell that still had'nt been fixed for living.

22. Defendant Carbone ignored this request.

23. On May 18, 2020 plaintiff filed a level one grievance for his sink to be fixed and the fear of future risk of injury due to the delay and being forced to remain in such conditions.

24. On May 22, 2020 Defendant Butricks denied the grievance.

25. On May 22, 2020 plaintiff filed a level two grievance to Defendant Mulligan that he denied on June 15, 2020.

26. In his denial Defendant Mulligan admitted to knowing of plaintiff's reported fall where he was seen by medical.

27. On May 19, 2020 plaintiff's toilet was finally fixed however he is still faced with this same risk in the future. If his cell is unsafe to live as a disabled prisoner, unlike non-disabled prisoners he will be forced to remain under his conditions where non-disabled prisoners will be accomodated.

- 6 -

28. The Defendants in this action Rodriguez, Carbone, Butricks, and Mulligan were informed of plaintiff's conditions and either denied or ignored this risk of injury knowingly.

29. As a direct and proximate result for three weeks plaintiff had to live in a flooded cell (handicap), this caused the plaintiff to be exposed to serious injury each time he left his cell for lunch and evening meals, recreation twice a day, and medical services dayly. On May 15, 2020 the risk became reality when plaintiff fell on the water filled floor in his cell exacerbating his conditions causing him to get medical treatment where X-Rays were needed of his lower back and hip, and medication was provided. Plaintiff contenues to suffer both physical and mental pain eachday because for one; his condition (injury) only made a pre-existing irreparable injury worse, and Second; Defendants have not acted during or in the aftermath of plaintiff's situation to create and or enforce and such Directive where a prisoner with a handicap living in a handicap cell must be moved to another handicap cell or have his fixed within 24 hours if it becomes unsafe to live in.

30. Defendant Rodriguez was the unit manager of the unit and other units at cheshire, he had the

authority to move plaintiff to a safer cell and have his cell fixed, just as he has done several times upon request from non-disabled prisoners. However, he denied plaintiff's request without explanation which ultimately led to plaintiff injury that was evident considering the circumstances plaintiff was faced with.

31. Defendant Carbone was the Americans with Disabilities Act Coordinator at Cheshire with knowledge of plaintiff's disabilities and needed accomodations, he is authorized to answer each request for reasonable Accomodations and determine if one is needed or not. When he blatantly ignored plaintiff's request it further displayed the gross discrimination towards plaintiff dispite his reported injuries. Carbones willfull ignoring of plaintiff's request is why plaintiff is faced with a future risk of MORE harm if his cell becomes unsafe to live in.

32. Defendant's Butricks and Mulligan was the warden and District Administrator and had the responsibility to establish and enforce Directives to protect the safety of EACH prisoner without discrimination. However, Defendants knowingly abandoned their duties by failing to take action or even steps to ensure plaintiff's health and safety are'nt at risk in the future.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES: V

33. Plaintiff exhausted his administrative remedies before filing this civil action in accordance with the P.L.R.A.

## PRAYER FOR RELIEF: VI

WHEREFORE, Plaintiff requests that this court grant the following relief:

A. Issue an injunction requiring the defendants to establish a directive in accordance with the Americans With Disabilities Act to make handicap cells available so handicap prisoners can be moved into them if or when their cell becomes unsafe to live in,

B. Award compensatory damages for plaintiff's physical and emotional injuries, and punitive damages in the amount of 1,000,000.00, against all defendants; and,

C. Award reasonable attorney cost and fees,

D. Jury Trial Requested, and any other relief as it may appear plaintiff is entitled to.

(Sign) x *Jorge Sanchez*
(Name) Jorge Sanchez #156159
Cheshire C.I
900 Highland Ave
Cheshire, CT. 06410

## CERTIFIED VERIFICATION.

Pursuant to 28 U.S.C. 1746, I declare under penalty of perjury that the following is true and correct.

Signature: *Jorge Sanchez*
Date: 8/17/2020



# Inmate Administrative Remedy Form
**Connecticut Department of Correction**

CN 9602
REV 9/20/17

| Facility/Unit: Cheshire/ NB-1-11 | Date: 5/18/2020 |
|---|---|
| Inmate name: Jorge Sanchez | Inmate number: 156159 |

## SECTION 1: SELECT ADMINISTRATIVE REMEDY A, B or C BELOW.

Follow the instructions and Refer to Section 2 below
*(for property claims, complete form CN 9609, Lost/Damaged Property Investigation Form and deposit in the 'Administrative Remedies' box).*

**A. [X]** I am filing a Grievance.
- Prior to filing a grievance, you must attempt informal resolution.
- Attach a copy of CN 9601, Inmate Request Form with the staff member's response **OR** state in Section 4 the reason why the form is not attached.
- Grievances must be filed within 30 days of the occurrence or discovery of the cause of the grievance.

**B. [ ]** I am requesting a Health Services Review:
- [ ] All Other Health Care Issues
- [ ] Diagnosis/Treatment — **Complete Section 4**

**C. [ ]** I am filing an Appeal of a (select one below): *(Appeals must be filed within 15 days of notification of a decision.)*

| | | |
|---|---|---|
| [ ] Disciplinary Action | | > Complete Section 3 below |
| [ ] Special Management Decision | [ ] Classification Decision | > |
| [ ] Media Review Committee Decision | [ ] Furlough Decision | > |
| [ ] Security Risk Group Designation | [ ] ADA Decision | > Complete Section 4 |
| [ ] Determination of Grievance Process Abuse | [ ] Rejection of Outside Tapes/CDs | > |
| | [ ] Rejection of Correspondence | > |

## SECTION 2: OTHER REQUIREMENTS FOR USING THE INMATE ADMINISTRATIVE REMEDY PROCEDURE
- Read and comply with the instructions below, then complete Section 4 (State the Problem) on the reverse side.

- Only one request for an administrative remedy must be submitted on this form.
- The request for an administrative remedy and the action sought should be stated simply and coherently.
- The length of this request for an administrative remedy shall be restricted to the space available in Section 4 and one (1) additional 8 1/2 x 11 inch page.
- This request for an administrative remedy must be free of obscene or vulgar language or content.
- This request for an administrative remedy must be filed by the inmate who is personally affected by the subject of the request and shall not be filed by an inmate on behalf of another.
- A repetitive request for administrative remedy may not be filed by the same inmate when a final response has been provided and there has been no change in any circumstances that would affect the response; or when the initial request for an administrative remedy is still in process.

## SECTION 3: DISCIPLINARY SECTION – Complete this Section for a Disciplinary Appeal ONLY
- You may file a Disciplinary Appeal **ONLY** if you have pleaded not guilty and have been found guilty at a disciplinary hearing.
- If so, complete this section; then complete Section 4 (State the Problem) on the reverse side. >>>

| Offense: | Report date: |
|---|---|
| Facility where hearing was conducted: | Date of hearing: |
| Did you have an advisor? [ ] yes [ ] no | If yes, name of advisor: | |
| Did you identify witness (es) to the investigator? [ ] yes [ ] no | Did your witness (es) testify? [ ] yes [ ] no |
| Name(s) of any witness(es): | |

**CONFIDENTIAL** (FOR OFFICIAL USE ONLY)

Inmate name: Jorge Sanchez
Inmate number: 156159
Housing: NB-1-11

## SECTION 4: STATE THE PROBLEM AND REQUESTED RESOLUTION

- Provide any factual information that is applicable, including any responses from staff.
- State the action that you think should be taken to resolve the problem.
- PLEASE PRINT.

Prior to filing a grievance you must attempt informal resolution, I did just that with this administration including writing Inmate Request to All 3 wardens with no response. I just stated that I've spoken to All 3 wardens - including first shift Lieutenants, second shift Lieutenants and 3rd shift Lieutenants about the issue I'm having with my toilet, my toilet has been spilling water from the bottom for 3-weeks now. I've been complaining and writing about this issue for 3-weeks and no one writes back or talks to me about my toilet being broken, On Friday 5/15/2020 I got up to use the toilet and sliped and fell on my back causing me Lower Back pain, I need my toilet fixed before something else happens to me. I stay in this handicap cell because I'm a paraplegic and this injury I just got because of the water spilling from my toilet has me fearing for my safety (I've included a copy of a Request I wrote to Supervisor Wagner)

Inmate signature: Jorge Sanchez
Date: 5/18/2020

- For all remedies except health services, deposit this form in the **Administrative Remedies box**.
- For a health services issue, deposit this form in the Health Services box.

## SECTION 5: DECISION / OFFICIAL USE ONLY – DO NOT WRITE IN THE SPACE BELOW

Date Received: 5/20/2020
IGP #: 125-20-177
T#:

Disposition: Upheld
Date of Disposition: 5/22/2020

Reason:

The leak from your toilet was fixed on 5/19/2020

☐ You have exhausted DOC's Administrative Remedies.
☒ This matter may be appealed to: Level 2

Date: 5-22-2020



**Inmate Request Form**
**Connecticut Department of Correction**

RECEIVED MAY 25 2020

CN 9601 REV 1/31/09

Inmate name: Jorge Sanchez
Inmate number: 156159
Facility/Unit: Cheshire
Housing unit: NB-1-11
Date: 5/19/2020
Submitted to: Medical

Request: I fell on the floor the morning of 5/15/2020, I went to promp care on 5/18/2020 and told medical all about my lower back on the left side how there's a sharp pain whenever I move a certain way, it's like my left hip and lower spine are connected in pain when I turn, I need an x-ray to make I didn't break anything.
Thank you

continue on back if necessary

Previous action taken:

continue on back if necessary

Acted on by (print name): PAUL
Title: RN

Action taken and/or response:

Sign up for prompt care to explain your new symptoms and be assessed again.

continue on back if necessary

Staff signature: [signature]
Date: 5/25/2020



# Inmate Request Form
## Connecticut Department of Correction

CN 9601
REV 1/31/09

Inmate name: Jorge Sanchez
Inmate number: 156159
Facility/Unit: Cheshire C.I.
Housing unit: NB-1-11
Date: 4/27/2020
Submitted to: Supervisor Maintenace Whyner
Request: my toilet has been spilling water from the Bottom All week long, Can you please Send Someone to fix it.

Sanchez #156159
NB-1-11

**continue on back if necessary**

Previous action taken:

**continue on back if necessary**

Acted on by (print name): | Title:

Action taken and/or response:

**continue on back if necessary**

Staff signature: | Date:



# Inmate Request Form
## Connecticut Department of Correction

CN 9601
REV 1/31/09

| Inmate name: | | Inmate number: |
|---|---|---|
| Facility/Unit: | Housing unit: | Date: |

Submitted to:

Request: Came into the Block to clean And we had to go to the North South Side rec-yard, that day maintance was on the Top tier And Just Skiped my cell Every thing is on camera.

I went to promp care on the 5/18/2020 And told medical what happen And they said that the x-ray guy was not in today, but when he comes back they call me for x-ray's

I have an x-ray that was Taken 10/2/2019, The fall agravated And made my condition worst.

On 5/22/2020 I went to medical for x-Ray's from the fall I sustained on 5/15/20

*continue on back if necessary*

Previous action taken:

The minimum the D.O.C. Should of done was move me until my toilet got fixed - I have to Sit in my cell for 22-20 hours a day. I was forced to walk around in filthy Stagnic water for 3 weeks

*continue on back if necessary*

| Acted on by (print name): | Title: |
|---|---|

Action taken and/or response:

(My Quality of Life has Been Compromised)

*continue on back if necessary*

| Staff signature: | Date: |
|---|---|

I am filing A complaint against A.R.C. Green for negligence and refusing to process my grievance when I specifically stated in the begining That I Spoke to Everyone in this administration about the issue that I'm currently having with my toilet and about having trouble trying to Get it fixed.

It specifically saids in Administrative Directive 9.6 Section 6(A) An inmate must attempt to Seek informal resolution prior to filing an inmate grievance. Which I stated I did, And he still Denied my grievance even when I stated in the begining of the grievance, prior to filing A grievance, you must attempt informal resolution. Which I did by talking to Everyone in this Administration. the Camera's All have me on video talking to Every one even showing them the problem by opening my Door And pointing to the problem.

They fix the Sink on 5/19/2020
I fell on 5/15/2020
I wrote to Maintenance Supervisor on 4/27/2020 About my Sink, with no response.
Then they Came to fix the water in 21 cell on the 5/18/2020 And still left me to walk around in A pool of water until they Came to fix my toilet The Next day 5/19/2020 All this falls under (Deliberate indifference)
All my Evidence is on Camera Just Check the dates- from the time maintenance →



# Request for Reasonable Accommodations
## Connecticut Department of Correction

CN 101902
REV 8/1/14

Facility/Unit: Cheshire      Date: 5/16/2020

Inmate name: Jorge Sanchez      Inmate number: 156159

☐ I do not request reasonable accommodations.
☒ I request the following reasonable accommodation:

Reason for accommodation: I request to have handicap cells available when one breaks down. like in my case, my toilet leaks bad and I was forced to live in these conditions for three (3) weeks. As a result I injured myself attempting to attend recreation. Such conditions are discriminatory towards disabled prisoners because we can't be moved to any cell unlike non-disabled prisoners with the same issue there is always an available cell they can use.

Inmate signature: Jorge Sanchez      Date: 5/16/2020

Assisting staff (if necessary):

Heath Services Unit verification (use established definitions)      Date:

☐ Agree   ☐ Disagree

Comments:

Health services staff name:      Title:

Health services staff signature:

**RETURN THIS FORM TO THE UNIT ADA COORDINATOR**

**REASONABLE ACCOMMODATION DETERMINATION**      Date:

The reasonable accommodations requested above have been:

☐ Approved as requested   ☐ Modified (see comments below)   ☐ Denied (see comments below)

Comments:

Unit Administrator's signature:      Date:



# Inmate Grievance Appeal Form - Levels 2/3
## Connecticut Department of Correction

CN 9604
REV 1/31/09

Inmate name: Jorge Sanchez
Inmate number: 156159
Facility/Unit: Cheshire/N.B.
Housing unit: NB-1-11
Date: 5/22/2020
IGP number: 125-20-177
T number:

Use this form to appeal a Level 1 decision. CN 9602, Inmate Administrative Remedy Form and any attachments must accompany this form; no review will be undertaken if they do not accompany this form. Your appeal must be filed within 5 days of the Level 1 response; deposit it in the "Administrative Remedies" box.

### Appeal of Level 1 Decision to Level 2

I am appealing the Level 1 decision because: Recieved Level #1-Responce on 5/22/2020, Grievance upheld, but does NOT Resolve the Initial Injury Sustained to my Lower Back, hip area which requires adequate medical treatment due to paraplegic Condition. Staff's unproffessional unprompt attention to Hazardous and dangerous Conditions Constitutes Deliberate Indifference to this Inmates Safety, being that I have A Disability.

Inmate signature: Jorge Sanchez
Date: 5/22/2020

### FOR OFFICIAL USE ONLY - LEVEL 2 REVIEW

Date received: 6/03/20
Disposition: Denied
Date of disposition: 7/15/20

Reasons: You are appealing a level one grievance regarding physical conditions (leaking toilet) at Cheshire C.I. The response given by Warden Butricks was appropriate. Additionally, your medical concerns were addressed, you were seen by medical on 5/18/20 for a reported fall in your cell. Your level 2 grievance appeal is denied.

Level 2 reviewer: [signature]

☐ This grievance may be appealed within 5 days to Level 3.
☒ You have exhausted the Department's Administrative Remedies. Appeal to Level 3 will not be answered.

### Appeal of Level 2 Decision to Level 3

I am appealing the Level 2 decision because:

Inmate signature:
Date:

Deposit your appeal in the "Administrative Remedies" box.

### FOR OFFICIAL USE ONLY - LEVEL 3 REVIEW

Date received:
Disposition:
Date of disposition:
Reasons:

Level 3 reviewer:



# Inmate Grievance Appeal Form - Levels 2/3
## Connecticut Department of Correction

CN 9604
REV 1/31/09

Inmate name: Jorge Sanchez
Inmate number: 156159
Facility/Unit: Cheshire C.I / NB1
Housing unit: 11
Date: 7-09-20
IGP number: 125-20-177
T number:

Use this form to appeal a Level 1 decision. CN 9602, Inmate Administrative Remedy Form and any attachments must accompany this form; no review will be undertaken if they do not accompany this form. Your appeal must be filed within 5 days of the Level 1 response; deposit it in the "Administrative Remedies" box.

### Appeal of Level 1 Decision to Level 2

I am appealing the Level 1 decision because:

Inmate signature:
Date:

### FOR OFFICIAL USE ONLY - LEVEL 2 REVIEW

Date received:
Disposition:
Date of disposition:

Reasons:

Level 2 reviewer:

☒ This grievance may be appealed within 5 days to Level 3.
☐ You have exhausted the Department's Administrative Remedies. Appeal to Level 3 will not be answered.

### Appeal of Level 2 Decision to Level 3

I am appealing the Level 2 decision because: I did not receive a response from my level 2 Administrative Remedy within the alloted time pursuant to AD9.6(K). As such I am filing a level 3 Administrative remedy pursuant to A.D 9.6(M).

Inmate signature: Jorge Sanchez
Date: 7-09-20

Deposit your appeal in the "Administrative Remedies" box.

### FOR OFFICIAL USE ONLY - LEVEL 3 REVIEW

Date received:
Disposition:
Date of disposition:

Reasons:

Please see the attached CN9605

Level 3 reviewer:

|  | **Inmate Administrative Remedy Procedure – Notice of Time Extension** <br> **Connecticut Department of Correction** | | CN 9605 <br> REV 1/31/09 |
|---|---|---|---|
| Inmate name: | Sanchez, Jorge | Inmate number: | 156159 |
| Facility/Unit: Cheshire CI | Housing unit:   North Block 1 | Date: | 7/13/20 |

Your grievance/appeal is currently pending at:  District 1

It appears that the time needed to investigate and respond to you will exceed the timeframe established by Administrative Directive 9.6, Inmate Administrative Remedies. I am, therefore, notifying you that the time frames have been extended at this level so that the issue can receive full consideration.

Additional comments:

Your level 2 grievance appeal for IGP 125-20-177 is requiring additional time to answer. It was received at the District 1 Office on June 1, 2020, today marks the 30th business day. The level 2 response will be forwarded to you upon receiving a disposition.

| Administrative Remedies Coordinator:   Captain Acus | Date:   7/13/20 |
|---|---|