UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JORGE SANCHEZ | : | CIVIL NO. 3:20-CV-01229(VAB) |
| v. | : | |
| KENNETH BUTRICKS, ET AL. | : | JUNE 16, 2021 |

**DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT (ECF # 1)**

Pursuant to Rule 8 of the Federal Rules of Civil Procedure, Defendants Butricks, Carbone and Rodriguez hereby file their Answer and Affirmative Defense(s) to Plaintiff's Complaint filed on August 21, 2020, (ECF # 1) as follows:

**INTRODUCTION: I**

1. the extent Paragraph 1 sets forth a legal conclusion, no response is required. To the extent that the plaintiff is setting forth factual allegations against defendants, the same are denied.

**JURISDICTION: II**

2. To the extent Paragraph 2 sets forth a legal conclusion, no response is required. To the extent that the plaintiff is setting forth factual allegations against defendants, the same are denied.

3. To the extent Paragraph 3 sets forth a legal conclusion, no response is required. To the extent that the plaintiff is setting forth factual allegations against defendants, the same are denied.

4. To the extent Paragraph 4 sets forth a legal conclusion, no response is required. To the extent that the plaintiff is setting forth factual allegations against defendants, the same are denied.

**PARTIES: III**

5. Paragraph 5 is admitted by Defendants.

6. Paragraph 6 is admitted by Defendants.

7. Defendants do not respond to Paragraph 7 as William Mulligan is not a party to this litigation.

8. Paragraph 8 is admitted by Defendants.

9. Paragraph 9 is admitted by Defendants.

**FACTS: IV**

10. Defendants lack information and knowledge specific to form a belief as to the truth of the allegation in Paragraph 10 and, as a result, neither admit nor deny the same but leave Plaintiff to his burden of proof.

11. Defendants lack information and knowledge specific to form a belief as to the truth of the allegation in Paragraph 11 and, as a result, neither admit nor deny the same but leave Plaintiff to his burden of proof.

12. Defendants lack information and knowledge specific to form a belief as to the truth of the allegation in Paragraph 12 and, as a result, neither admit nor deny the same but leave Plaintiff to his burden of proof.

13. Defendants lack information and knowledge specific to form a belief as to the truth of the allegation in Paragraph 13 and, as a result, neither admit nor deny the same but leave Plaintiff to his burden of proof.

14. Paragraph 14 is denied by Defendants.

15. Defendants do not respond to Paragraph 15 as there are no allegations against them stated therein. To the extent that the plaintiff is setting forth factual allegations against defendants, the same are denied.

16. Defendants do not respond to Paragraph 16 as there are no allegations against them stated therein. To the extent that the plaintiff is setting forth factual allegations against defendants, the same are denied.

17. Defendants do not respond to Paragraph 17 as there are no allegations against them stated therein. To the extent that the plaintiff is setting forth factual allegations against defendants, the same are denied.

18. Defendants lack information and knowledge specific to form a belief as to the truth of the allegation in Paragraph 18 and, as a result, neither admit nor deny the same but leave Plaintiff to his burden of proof.

19. Defendants lack information and knowledge specific to form a belief as to the truth of the allegation in Paragraph 19 and, as a result, neither admit nor deny the same but leave Plaintiff to his burden of proof.

20. Defendants deny that portion of Paragraph 20 which alleges, "for three week plaintiff was forced to live under those conditions…." Defendants lack information and knowledge specific to form a belief as to the truth of the remaining allegation in Paragraph 20 and, as a result, neither admit nor deny the same but leave Plaintiff to his burden of proof.

21. Defendants lack information and knowledge specific to form a belief as to the truth of the allegation in Paragraph 21 and, as a result, neither admit nor deny the same but leave Plaintiff to his burden of proof.

22. Paragraph 22 is denied by Defendants.

23. Defendants assert that the level one grievance speaks for itself.

24. Paragraph 24 is denied by Defendants.

25. Defendants assert that the level two grievance speaks for itself.

26. Defendants assert that the level two grievance speaks for itself.

27. Defendants admit that portion of Paragraph 27 which alleges, "On May 19, 2020, plaintiff's toilet was . . . . fixed . . ." Defendants lack information and knowledge specific to form a belief as to the truth of the remaining allegation in Paragraph 27 and, as a result, neither admit nor deny the same but leave Plaintiff to his burden of proof.

28. Paragraph 28 is denied by Defendants.

29. Paragraph 29 is denied by Defendants.

30. Paragraph 30 is denied by Defendants.

31. Paragraph 31 is denied by Defendants.

32. Paragraph 32 is denied by Defendants.

**EXHAUSTION OF ADMINISTRATIVE REMEDIES: V**

33. Defendants lack information and knowledge specific to form a belief as to the truth of the allegation in Paragraph 18 and, as a result, neither admit nor deny the same but leave Plaintiff to his burden of proof.

**PRAYER FOR RELIEF: VI**

A. Defendants move this Court to deny Plaintiff's prayer for relief in Paragraph A.

B. Defendants move this Court to deny Plaintiff's prayer for relief in Paragraph B.

C. Defendants move this Court to deny Plaintiff's prayer for relief in Paragraph C.

D. Defendants move this Court to deny Plaintiff's prayer for relief in Paragraph D.

**AFFIRMATIVE DEFENSES**

Pursuant to Rules 7 and 12 of the Federal Rules of Civil Procedure, the Defendants raise the following affirmative defenses to plaintiff's Complaint as follows:

**FIRST AFFIRMATIVE DEFENSE**

The plaintiff's complaint fails to state a claim upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**

At all times relevant to this lawsuit, the defendants, in their individual capacity, acted reasonably and with a good faith belief that under the circumstances with which they were faced, they were acting lawfully. Therefore, they are entitled to qualified immunity from any judgment of monetary damages.

**THIRD AFFIRMATIVE DEFENSE**

Plaintiff has failed to fully exhaust his administrative remedies as to either Defendant as required by the Prison Litigation Reform Act.

DEFENDANTS
Butricks, Carbone and Rodriguez

WILLIAM TONG
ATTORNEY GENERAL

BY: _/s/ DeAnn S. Varunes___________

DeAnn S. Varunes
Assistant Attorney General
Office of the Attorney General
McKenzie Hall - 110 Sherman Street
Hartford, CT 06105
Federal Bar #ct25903
E-Mail: deann.varunes@ct.gov
Tel.: (860) 808-5450
Fax: (860) 808-5591

**CERTIFICATION**

I hereby certify that on June 16, 2021, a copy of the foregoing was filed electronically with the Court. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system. A copy was also mailed, on or about June 16, 2021 to the following of Record:

Mr. Jorge Sanchez
Inmate Number 156159
Cheshire Correctional Institution
900 Highland Avenue
Cheshire, CT 06410

*_/s/ DeAnn S. Varunes___________*
DeAnn S. Varunes
Assistant Attorney General