# ATTACHMENT C

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JORGE SANCHEZ | : | CIVIL CASE NO. 3:20-CV-01229(OAW) |
| V. | : | |
| KENNETH BUTRICKS, ET AL. | : | FEBRUARY 22, 2022 |

### Declaration of Kenneth Butricks

I, Kenneth Butricks, do declare under penalty of perjury that the following information is true and correct and is based upon my personal knowledge:

1. I am over the age of eighteen and believe in the obligations of an oath.

2. Between January 1992 and October 2020, I was employed by the State of Connecticut Department of Correction (DOC).

3. On October 1, 2020, I retired from my employment as Warden of Cheshire Correction Institution by the DOC.

4. During my employment with DOC, I held the position of Correctional Officer, then promoted to Lieutenant in 1997, promoted to Captain in 2001, promoted to Deputy Warden in 2009 and finally promoted to Warden of Bridgeport Correctional Institution in 2017, then Warden of Manson Youth 2018 and then Cheshire Correctional Institution (Cheshire) in 2019.

5.	As Warden, I toured my facility and interacted with all inmates who sought me out to talk about a myriad of issues ranging from conditions of confinement to need for medical care.

6.	I am a named defendant in this litigation.

7.	I understand that Sanchez has alleged he informed me concerning the conditions of his confinement and that I either denied or ignored him and put him at risk of future injury.

8.	I dispute the allegation.

9.	Because I toured, Sanchez had access to me and could have informed me of the condition of his cell so that I could have acted to have the issue addressed.

10.	Had this been the case, my habit would have been to go to the cell and visually inspect the problem. Then, I would have instructed the unit manager to submit a request for repair or called the maintenance department myself.

11.	I have no independent recollection of Sanchez speaking to me about the leak in his cell. Had Sanchez informed me of the same, a completed work order would be evidence that I acted to ensure his safety. A review of the completed work orders reflects a request was submitted to maintenance on May 12, 2020. This could be the result of my speaking with Sanchez or having communicated the issue to Counselor

Roberts. I have no independent recollection that would inform me of my actions on May 12, 2020.

12.  Nor do I have any written communication from Sanchez about the leak to which I would have been able to timely respond and/or resolve. Even though I am retired, any communication from an inmate would be maintained according to their name. Despite requesting production of correspondence from Sanchez regarding a leak in his cell, the search failed to produce anything.

13.  Again, had I received any written communication from Sanchez, I would have investigated the complaint or designated another to do the same and immediately respond.

14.  Because I knew that Sanchez ambulated with the assistance of a cane, and had I learned of the leak in his cell, I am certain, as this was my habit, I would have taken immediate action to resolve the leak and ensure Sanchez's safety. For example, I could have instructed the water to his cell be shut off until maintenance resolved the issue. I could have also transferred Sanchez to another cell. Because I was unaware of the condition in his cell, I was unable to ensure his safety.

15.  I do acknowledge having received an Inmate Administrative Remedies Form, also known as a Level 1 grievance, on or about May 19, 2020, in which Sanchez

states even though he informed others of a leak in his cell, nothing was done and as a result, he slipped and fell. In the Level 1, Sanchez requested that the leak be fixed "before something else happens to me." Sadly, I received the Level 1 after the fact and was now limited in what I could do to ensure his safety. I assigned the grievance to Counselor Green, the grievance coordinator, who learned that Counselor Rogers had submitted two requests for repairs to maintenance and that the toilet was fixed on May 19th. Counselor Green informed me that he spoke with Sanchez and that he confirmed the toilet was fixed but still wanted to file the grievance. Because the leak was fixed, I upheld the Level 1 grievance.

16. I was unaware that Sanchez appealed the disposition of the grievance that I upheld. I have since learned that the appeal was denied, indicating that "The response given by Warden Butricks was appropriate."

17. All inmates have the opportunity to file requests and grievances that enable custody to respond by resolving the issue without further incident.

18. I note that included in his complaint, Sanchez produced an inmate request form that he allegedly submitted to Maintenance Supervisor Wayner on April 27, 2020.

19. According to Administrative Directive 9.6, Sanchez, who alleges to have received no response in the complaint, had the opportunity to submit an Inmate

Administrative Request Form on the same issue. There is no evidence that the request was ever received or that Sanchez availed himself of this next step.

20. Equally troubling to me is that Sanchez failed to request reasonable accommodations of the ADA Coordinator before he fell. Reasonable accommodations can be requested at any time by the inmate. This was a service available to Sanchez who ambulated with a cane.

21. Furthermore, as I regularly toured the facility, Sanchez had many opportunities to inform me of his concern that the leak remained unresolved. Had Sanchez informed me of this issue, once, twice or repeatedly, I would have been able to take action to ensure his safety and have the leak fixed.

22. It bothers and saddens me to know that Sanchez fell in his cell as I could have done something to protect him from sustaining an injury.

23. Having not been informed or aware of the issue, I could not ensure his safety.

24. I was not deliberately indifferent to his safety.

## DECLARATION UNDER PENALTY OF PERJURY
## PURSUANT TO 28 U.S.C. § 1746

I, Kenneth Butricks, declare under penalty of perjury that the foregoing is true and correct. Executed on February _18_, 2022.

_____
Kenneth Butricks

**EXHIBIT 1**



# Inmate Administrative Remedy Form
## Connecticut Department of Correction

CN 9602
REV 9/20/17

Facility/Unit: Cheshire / NB-1-11
Date: 5/18/2020
Inmate name: Jorge Sanchez
Inmate number: 156159

### SECTION 1: SELECT ADMINISTRATIVE REMEDY A, B or C BELOW

Follow the Instructions and Refer to Section 2 below
(for property claims, complete form CN 9609, Lost/Damaged Property Investigation Form and deposit in the 'Administrative Remedies' box).

**A.** [X] **I am filing a Grievance:**
- Prior to filing a grievance, you must attempt informal resolution.
- Attach a copy of CN 9601, Inmate Request Form with the staff member's response OR state in Section 4 the reason why the form is not attached.
- Grievances must be filed within 30 days of the occurrence or discovery of the cause of the grievance.

**B.** [ ] **I am requesting a Health Services Review:**
| [ ] All Other Health Care Issues | [ ] Diagnosis/Treatment | Complete Section 4 |

**C.** [ ] **I am filing an Appeal of a (Select one below) (Appeals must be filed within 5 days of notification of a decision.)**
| [ ] Disciplinary Action | > Complete Section 3 below |
| [ ] Special Management Decision | [ ] Classification Decision | > |
| [ ] Media Review Committee Decision | [ ] Furlough Decision | > |
| [ ] Security Risk Group Designation | [ ] ADA Decision | > Complete Section 4 |
| [ ] Determination of Grievance Process Abuse | [ ] Rejection of Outside Tapes/CDs | > |
|  | [ ] Rejection of Correspondence | > |

### SECTION 2: OTHER REQUIREMENTS FOR USING THE INMATE ADMINISTRATIVE REMEDY PROCEDURE
Read and comply with the instructions below, then complete Section 4 (State the Problem) on the reverse side.

- Only one request for an administrative remedy must be submitted on this form.
- The request for an administrative remedy and the action sought should be stated simply and coherently.
- The length of this request for an administrative remedy shall be restricted to the space available in Section 4 and one (1) additional 8 1/2 x 11 inch page.
- This request for an administrative remedy must be free of obscene or vulgar language or content.
- This request for an administrative remedy must be filed by the inmate who is personally affected by the subject of the request and shall not be filed by an inmate on behalf of another.
- A repetitive request for administrative remedy may not be filed by the same inmate when a final response has been provided and there has been no change in any circumstances that would affect the response; or when the initial request for an administrative remedy is still in process.

### SECTION 3: DISCIPLINARY SECTION - Complete this Section for a Disciplinary Appeal ONLY

- You may file a Disciplinary Appeal ONLY if you have pleaded not guilty and have been found guilty at a disciplinary hearing.
- If so, complete this section; then complete Section 4 (State the Problem) on the reverse side. >>>

| Offense: | Report date: |
|---|---|
| Facility where hearing was conducted: | Date of hearing: |
| Did you have an advisor? [ ] yes [ ] no | If yes, name of advisor: |
| Did you identify witness (es) to the investigator? [ ] yes [ ] no | Did your witness (es) testify? [ ] yes [ ] no |
| Name(s) of any witness(es): | |

Sanchez, Jorge
#125-20-177

| CONFIDENTIAL | Inmate name: Jorge Sanchez | |
|---|---|---|
| (FOR OFFICIAL USE ONLY) | Inmate number: 156159 | Housing: N13-1-11 |

## SECTION 4: STATE THE PROBLEM AND REQUEST A RESOLUTION

- Provide any factual information that is applicable, including any responses from staff.
- State the action that you think should be taken to resolve the problem.
- PLEASE PRINT.

Prior to filing a grievance you must attempt informal resolution, I did just that with this administration including writing Inmate Request to All 3 Wardens with no response. I just stated that I've spoken to All 3 wardens including first shift Lieutenants, Second shift Lieutenants And 3rd shift Lieutenants About the issue I'm having with my toilet, my toilet has been spilling water from the bottom for 3 weeks now, I've been complaining and writing about this issue for 3 weeks And no one writes back or talks to me about my toilet being broken, On Friday 5/15/2020 I got up to use the toilet And slipped And fell on my back causing me lower Back pain, I need my toilet fixed before something else happens to me, I stay in this handicap cell because I'm a paraplegic and this injury I just got because of the water spilling from my toilet has me fearing for my safety (I've included a copy of a Request I wrote to Supervisor Wyner)

Inmate signature: Jorge Sanchez     Date: 5/18/2020

## SECTION 5: DECISION / OFFICIAL USE ONLY - DO NOT WRITE IN THE SPACE BELOW

| Date Received: 5/20/2020 | IGP #: 125-20-177 | T#: |
|---|---|---|
| Disposition: Upheld | Date of Disposition: 5/22/2020 | |

Reason:

The leak from your toilet was fixed on 5/19/2020

☐ You have exhausted DOC's Administrative Remedies.    ☒ This matter may be appealed to: Level 2

Signature: [signed]     Date: 5-22-2020

Sanchez, Jorge
#125-20-177

| | Administrative Remedy Receipt | CN 9603 |
| | Connecticut Department of Correction | REV 1/1/08 |

TG7# 125-20-177

| Facility number: 125 | Receipt number: 7937 |
|---|---|
| Inmate name: Sanchez, Jorge | Inmate number: 156159 |

The Admin Remedies Coordinator has received your: ☒ Grievance ☐ Appeal ☐ Property Investigation
and the appropriate procedure will commence in accordance with AD 9.6, Inmate Administrative Remedies.

| Administrative Remedies Coordinator: ARC Green | Date: 5/26/2020 |

Distribution: original (white) to inmate, copy (yellow) to file

Sanchez, Jorge
#125-20-177



# Inmate Grievance Appeal Form - Levels 2/3
## Connecticut Department of Correction

CN 9604
REV 1/31/09

| Inmate name: Jorge Sanchez | | | Inmate number: 156159 |
|---|---|---|---|
| Facility/Unit: Cheshire / N.B. | | Housing unit: NB-1-11 | Date: 5/22/2020 |
| IGP number: 125-20-177 | | T number: | |

Use this form to appeal a Level 1 decision. CN 9602, Inmate Administrative Remedy Form and any attachments must accompany this form; no review will be undertaken if they do not accompany this form. Your appeal must be filed within 5 days of the Level 1 response; deposit it in the "Administrative Remedies" box.

### Appeal of Level 1 Decision to Level 2

I am appealing the Level 1 decision because: Recieved Level #1 Response on 5/22/2020, Grievance upheld, But does NOT Resolve the Initial Injury Sustained to my Lower Back, hip Area which requires adequate medical treatment due to Paraplegic Condition. Staff's unprofessional unprompt attention to Hazardous and dangerous Conditions Constitutes Deliberate Indifference to this Inmates Safety, being that I have A Disability.

Inmate signature: Jorge Sanchez          Date: 5/22/2020

### FOR OFFICIAL USE ONLY - LEVEL 2 REVIEW

| Date received: 6/03/20 | Disposition: Denied | Date of disposition: 7/15/20 |
|---|---|---|

Reasons: You are appealing a level one grievance regarding physical conditions (leaking toilet) at Cheshire C.I. The response given by Warden Butricks was appropriate. Additionally, your medical concerns were addressed, you were seen by medical on 5/18/20 for a reported fall in your cell. Your level 2 grievance appeal is denied.

Level 2 reviewer: [signature]

☐ This grievance may be appealed within 5 days to Level 3.
☒ You have exhausted the Department's Administrative Remedies. Appeal to Level 3 will not be answered.

### Appeal of Level 2 Decision to Level 3

I am appealing the Level 2 decision because:

Inmate signature:          Date:

Deposit your appeal in the "Administrative Remedies" box.

### FOR OFFICIAL USE ONLY - LEVEL 3 REVIEW

| Date received: | Disposition: | Date of disposition: |
|---|---|---|

Reasons:

Level 3 reviewer:

Sanchez, Jorge
#125-20-177