UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JORGE SANCHEZ | : | CIVIL CASE NO. 3:20-CV-01229(OAW) |
| | : | |
| V. | : | |
| | : | |
| KENNETH BUTRICKS, ET AL. | : | MAY 18, 2022 |

**LOCAL RULE 56(a)2 STATEMENT OF FACTS IN OPPOSITION TO SUMMARY JUDGMENT**

1. Admitted. See DeVeau's affidavit, at ¶ 3.

2. Admitted. See DeVeau's affidavit, at ¶ 4.

3. Admitted. See Butricks affidavit, at ¶ 2.

4. Admitted. See Butricks affidavit, at ¶ 3.

5. Admitted. See Butricks affidavit, at ¶ 4.

6. Admitted. See Butricks affidavit, at ¶ 5.

7. Admitted. See Butricks affidavit, at ¶ 17.

8. The Plaintiff admits that Butricks toured the housing units in Cheshire. The Plaintiff denies that he had access and opportunity to inform Butricks of the condition of his cell.

9. The Plaintiff denies that Butricks would have gone to the cell to visually inspect the problem. Though it was his habit to do so, there is no guarantee that he would have done so in this instance. See Butricks affidavit, at ¶ 10.

10. The Plaintiff denies that Butricks would have instructed the unit manager to submit a request for repair or called the maintenance department on his own. Though it was his habit to do so, there is no guarantee that he would have done so in this instance. See Butricks affidavit, at ¶ 10.

11. Admitted. See Butricks affidavit, at ¶ 11.

12. Denied. See Sanchez Affidavit, at ¶19.

13. Admitted.

14. Admitted. See Butricks affidavit, at ¶ 15.

15. Admitted. See Butricks affidavit, at ¶ 15.

16. Denied. See Sanchez Affidavit, at ¶18-19.

17. The Plaintiff admits that Butricks may have been unaware that he appealed the disposition of the grievance. The Plaintiff denies that the grievance was upheld. See Sanchez affidavit at ¶ 19.

18. The Plaintiff admits that he could have submitted a request to the ADA Coordinator for a reasonable accommodation at any time prior to May 15, 2020. See Butricks affidavit, at ¶ 20.

19. Admitted. See Carbone affidavit, at ¶ 2.

20. Admitted. See Carbone affidavit, at ¶ 3.

21. Admitted. See Carbone affidavit, at ¶ 6.

22. Admitted. See Carbone affidavit, at ¶ 8.

23. Denied. See Plaintiff's Disputed Issues of Material Fact ¶1 and Carbone Affidavit at ¶ 7-8.

24. Admitted. See Carbone affidavit, at ¶ 10.

25. Admitted. See Carbone affidavit, at ¶ 10.

26. Admitted. See Carbone affidavit, at ¶ 11.

27. Admitted. See Carbone affidavit, at ¶ 12.

28. Admitted. See Carbone affidavit, at ¶ 14.

29. Admitted. See Carbone affidavit, at ¶ 14.

30. The Plaintiff admits that Carbone may not recall him being anxious about the leak. The Plaintiff denies that the did not consider the leak to be major. See Sanchez affidavit at ¶17.

31. Denied. See Plaintiff's Local Rule 56(a)(1) statement.

32. The Plaintiff admits that when he filed a Request for Reasonable Accommodations on May 16, 2020, Carbone was no longer the ADA coordinator at Cheshire. The Plaintiff denies that Carbone was unaware of such a request having been filed. See Carbone Affidavit at ¶14 and Plaintiff's Disputed Issues of Material Fact ¶2.

33. Admitted. See Rodriguez affidavit, at ¶ 2.

34. Admitted. See Rodriguez affidavit, at ¶ 3.

35. Admitted. See Rodriguez affidavit, at ¶ 4.

36. Admitted. See Rodriguez affidavit, at ¶ 5.

37. Admitted. See Rodriguez affidavit, at ¶ 6.

38. Admitted. See Rodriguez affidavit, at ¶ 6.

39. Admitted. See Rodriguez affidavit, at ¶ 7.

40. Admitted. See Rodriguez affidavit, at ¶ 8.

41. Denied. See Disputed Issues of Material Fact ¶3 and Rodriguez Affidavit at ¶8.

42. Denied. See Plaintiff's Disputed Issues of Material Fact ¶3 and Rodriguez Affidavit at ¶6-8.

43. Admitted. See Rodriguez affidavit, at ¶ 13.

44. Denied. See Sanchez Affidavit, at ¶ 7-8.

45. Denied. See Sanchez Affidavit, at ¶ 7-8.

46. Admitted. See Wayner affidavit, at ¶ 2.

47. Admitted. See Wayner affidavit, at ¶ 3.

48. Admitted. See Wayner affidavit, at ¶ 3.

49. Admitted. See Wayner affidavit, at ¶ 3.

50. Admitted. See Wayner affidavit, at ¶ 3.

51. Admitted. See Wayner affidavit, at ¶ .3

52. Admitted. See Wayner affidavit, at ¶ 4.

53. Admitted. See Wayner affidavit, at ¶ 4.

54. Admitted. See Wayner affidavit, at ¶ 5.

55. Admitted. See Wayner affidavit, at ¶ 7.

56. Admitted. See Wayner affidavit, at ¶ 8.

57. The Plaintiff admits that Wayner may have located only five work orders. The Plaintiff denies that there were only five work orders submitted. See Sanchez Affidavit at ¶ 5 and Plaintiff's Disputed Issues of Material Facts at ¶ 6.

58. Admitted. See Wayner affidavit, at ¶ 10.

59. Admitted. See Wayner affidavit, at ¶ 11.

60. Admitted. See Wayner affidavit, at ¶ 12.

61. The Plaintiff admits that a fourth work order was submitted on May 12, 2020 by Counselor Rogers because the toilet and sink were leaking with usage/flush. See Wayner affidavit, at ¶ 13. The Plaintiff denies that the work order was completed by May 13, 2020, as the work order states that the matter was not closed until October 29, 2020. See Wayner affidavit, at ¶ 13 and Sanchez affidavit, at ¶ 11.

62. The Plaintiff admits that a fifth work order was submitted on May 18, 2020 by Counselor Rogers because of the ongoing issue where the toilet and sink would leak with usage/flush. See Wayner affidavit, at ¶ 13. The Plaintiff denies that the work order submitted on May 12, 2020 was completed by May 13, 2020, as the work order states that the matter was not closed until October 29, 2020. See Wayner affidavit, at ¶ 13 and Sanchez affidavit, at ¶ 11.

63. Denied. See Sanchez Affidavit, at ¶16-18.

## DISPUTED ISSUES OF MATERIAL FACTS

1. Cheshire Correctional ADA Coordinator and Counselor Supervisor Eric Carbone, claims that he was unaware Plaintiff was a qualified prisoner with a disability nor that he required reasonable accommodations. However, he should have been aware of this fact as Plaintiff was being housed in one of the limited cells equipped to accommodate an individual with a disability. Moreover, Carbone admits to being aware that Plaintiff walked with a cane due to an injury suffered prior to incarceration. See Defendants Local Rule 56(a)(1) statement at ¶ 22. As the ADA Coordinator and Counselor Supervisor, Carbone should have been aware that Plaintiff had a qualifying disability under the ADA and required reasonable accommodation.

2. Carbone claims that in March/April of 2020 he was no longer ADA Coordinator at Cheshire and therefore was unaware of such a request having been filed. However, Defendant's Exhibit 1 shows that as of April 17, 2020 he was still responding to emails concerning inmates with documented ADA issues. See Defendant's Exhibit 1.

3. Unit Manager Rodriguez claims that he was unaware that Plaintiff had a qualified disability, however, Rodriguez should have been aware as Plaintiff walked with a cane and occupied the designated cell in which inmates requiring a medically assistive device are housed in. See Rodriguez affidavit, at ¶ 6-8.

4. While Rodriguez claims to have had no further interaction with Plaintiff after April 24, 2020, Plaintiff asked Rodriguez to be moved into another medical cell until the leak was fixed on or about April 27, 2020. See Sanchez affidavit, at ¶ 7.

5. During the April 27, 2020 conversation, Plaintiff, brought it to Rodriguez's attention that there was a leak in North Block 1 Cell 111. See Sanchez affidavit, at ¶ 7.

6. The Cheshire Correctional facility maintenance supervisor Derek Wayner claims to have located a total of five work orders associated with the presence of a water leak in Cell 111 for the period between January 2020 and February 2022. However, the listed work orders exclude the written request Plaintiff made on April 27, 2020 alerting Wayner that his toilet and sink were both leaking and a request that they be fixed. See Sanchez Affidavit, at ¶ 5.

7. Wayner claims that a work order submitted on May 12, 2020 regarding the leaking toilet and sink was completed by May 13, 2020 but the document reflects that the order was not complete until October 29, 2020. See Wayner affidavit, at ¶ 13.

8. Plaintiff slipped and fell on May 15, 2020, as a direct result of the toilet and sink remaining unrepaired. See Sanchez affidavit, at ¶ 11-12.

THE PLAINTIFF,
Jorge Sanchez

BY /S/ michael E Satti (gmf)
Michael E. Satti (CT 01311)
Michael E. Satti, Attorney at Law, LLC
125 Eugene O'Neill Drive, Suite 105
New London, CT 06320
Telephone: (860) 599-5988
Facsimile: (860) 442-4420
msatti@satti-law.com

## **CERTIFICATION**

This is to certify that a copy of the foregoing was served electronically this 11th day of May 2022 to the following counsel of record:

**DeAnn S. Varunes**
Assistant Attorney General
Office of the Attorney General
McKenzie Hall
110 Sherman Street
Hartford, CT 06105
Tel: (860) 808-5450
Fax No. (860) 808-5591
Email: deann.varunes@ct.gov

_____
Michael E. Satti (CT 01311)