UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JORGE SANCHEZ | : | CIVIL CASE NO. 3:20-CV-01229(OAW) |
| | : | |
| V. | : | |
| | : | |
| KENNETH BUTRICKS, ET AL. | : | MAY 18, 2022 |

## PLAINTIFF'S OBJECTION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

The plaintiff, Jorge Sanchez ("Plaintiff"), respectfully submits this objection to the defendants, Kenneth Butricks, et al. ("Defendants"), Motion for Summary Judgment. Plaintiff objects to the Motion for Summary Judgment on the basis that there are genuine issues of material fact, and he has met his burden of proof for a *prima facie* case of Americans with Disability Act discrimination, and a violation of his constitutional right under the Eighth Amendment.

### I. FACTUAL BACKGROUND

This lawsuit arises pursuant to 42 U.S.C. §1983 specifically that the Plaintiff was subjected to conditions of confinement that violated his constitutional right under the Eighth Amendment and the Americans with Disabilities Act. Plaintiff is a qualified prisoner with a disability at Cheshire Correctional Institution ("Cheshire"). (Aff. ¶ 4). Plaintiff suffered an injury prior to his incarceration and now walks with a cane. Plaintiff is housed in one of the handicap cells at Cheshire.

On or about April 27, 2020, Plaintiff wrote to Cheshire's maintenance supervisor regarding the toilet and sink in his cell leaking. (Aff. ¶ 5). The maintenance supervisor never

responded to Plaintiff's request that the leak be fixed. (Aff. ¶ 6). Shortly thereafter, on or about April 27, 2020, Plaintiff informed the Unit Manager that the toilet and sink in his cell was leaking. (Aff. ¶ 7). Again, Plaintiff never received a response. (Aff. ¶ 8). Plaintiff is required to leave his cell at least twice a day to visit the medical unit. (Aff. ¶ 10). The leaking toilet and sink were located directly in front of his cell door, thereby increasing the Plaintiff's risk of slipping and falling every time he was required to leave. (Aff. ¶ 9).

On May 15, 2020, Plaintiff slipped and fell while attempting to leave his cell. (Aff. ¶ 11). This fall exacerbated his already disabled condition. (Aff. ¶ 12). After seeking medical attention for his fall, Plaintiff was placed back in his cell with the still leaking toilet and sink. (Aff. ¶ 13). On or about May 16, 2020, Plaintiff wrote to Cheshire's ADA Coordinator seeking the reasonable accommodation of a transfer to a cell with a functioning toilet and sink until both were repaired in his cell. (Aff. ¶ 14). Plaintiff's request for a reasonable accommodation went unanswered. (Aff. ¶ 15). On May 18, 2020, Plaintiff filed a level one grievance with Cheshire's Warden. (Aff. ¶ 16). Plaintiff's toilet and sink were repaired on May 19, 2020. (Aff. ¶ 17). The grievance was thereafter denied, and Plaintiff appealed the denial on May 22, 2020. (Aff. ¶ 19-20). Plaintiff's appeal was denied. (Aff. ¶ 21).

## II.  ARGUMENT

### a. Standard on a Motion for Summary Judgment.

"Upon the filing of a motion for summary judgment, the judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." See <u>All. Grp. Servs., Inc. v. Grassi & Co.</u>, 406 F. Supp. 2d 157, 162-163 (D. Conn. 2005). "An issue of fact is 'material' if it

might affect the outcome of the suit under the governing law, and is genuine if a reasonable jury could return a verdict for the nonmoving party based on it." Lanham v. Shinseki, 662 F. Supp. 2d 238, 241 (D. Conn. 2009). "The moving party bares the burden of showing that it is entitled to summary judgment." Id. The plaintiff must then "…come forward with specific evidence demonstrating the existence of a genuine dispute of material fact…" and "[t]he court must view any inferences drawn from the facts in the light most favorable to the party opposing the summary judgment motion." Gilead Cmty. Servs. v. Town of Cromwell, 432 F. Supp. 3d 46, 66 (D. Conn. 2019).

### b. **Plaintiff Has Established a Prima Facie Case for Discrimination Based on his Disability**

The Plaintiff has met his burden of establishing a prima facie case of discrimination under the ADA. "The burden of making out a prima facie case is not onerous…" DeAngelo v. Yellowbook Inc., 105 F. Supp. 3d 166, 174 (D. Conn. 2015). Under Title II of the American Disabilities Act, 42 USCS §12132, et seq, "…no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." see 42 USCS §12132. "To establish a violation of Title II of the ADA, a plaintiff must show (1) that he is a qualified individual with a disability; (2) that he was excluded from participation in a public entity's services, programs or activities or was otherwise discriminated against by a public entity; and (3) that such exclusion or discrimination was due to his disability." Hargrave v. Vermont, 340 F.3d 27, 34 (2d Cir. 2003) Title II of the ADA applies to any action taken by a public entity and state prisons qualify as public entities under the ADA. See 29 C.F.R. § pt. 35, app. B (2011).

Under 42 U.S.C. § 12131(2) a "...qualified individual with a disability means an individual with a disability who, with or without reasonable modifications to rules, policies, or practices, the removal of architectural, communication, or transportation barriers, or the provision of auxiliary aids and services, meets the essential eligibility requirements for the receipt of services or the participation in programs or activities provided by a public entity." *See* 42 U.S.C. § 12131(2). Furthermore, the ADA defines disability with respect to an individual as "...(A) a physical or mental impairment that substantially limits one or more major life activities of such individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment..." *See* 42 U.S.C. § 12102(1).

Plaintiff's prior injury and use of a cane substantially limit him in his major life activities of ambulating, sitting, and caring for himself. Plaintiff's allegations suggest that Defendant's did not give him a reasonable accommodation when he requested to be moved to an alternative handicap cell with a functioning toilet and sink. By not moving Plaintiff to an alternative and safe handicap cell, the Defendants effectively denied Plaintiff the opportunity to participate in or benefit from public services, programs, or activities or otherwise discriminated against him because of his disability. There is no question "...that the provision of appropriate toilet facilities is a 'service, program or activity' within the meaning of the ADA." Dunmore v. Shicker, 2020 U.S. Dist. LEXIS 2155, at *13 (S.D. Ill. Jan. 7, 2020) (citing Jaros v. Illinois Dep't of Corr., 684 F.3d 667, 672 (7th Cir. 2012)).

### c. **Defendant was deliberately indifferent to Plaintiff's Medical Condition in Violation of the Eighth Amendment**

"The Eight Amendment imposes a constitutional obligation upon a state to provide adequate medical care to those it has incarcerated." Koehl v. Rowe, 96 CV 1001, 1997 U.S. Dist. LEXIS 24005 at 9-10 (E.D.N.Y. Nov. 14, 1997) "This obligation includes a prohibition against the…unnecessary and wanton infliction of pain and applies to the inadequate provision of medical care to inmates." Id. at 10. "…[P]rison officials violate the Eighth Amendment when they act with deliberate indifference to serious medical needs of prisoners" and "[t]his is true whether the indifference is manifested by prison doctors…or by prison guards in intentionally denying or delaying access to medical care…" Id. at 20. "To state a claim for deliberate indifference to health or safety under the Eighth Amendment, an inmate must demonstrate both an objective and subjective element." Lenti v. Connecticut, No. 3:20-cv-127 (SRU), 2020 U.S. Dist. LEXIS 76084 at 11 (D. Conn. Apr. 30, 2020) "To meet the objective element, an inmate must allege that he was incarcerated under conditions that resulted in a 'sufficiently serious' deprivation, such as the denial of 'the minimal civilized measure of life's necessities' or 'a substantial risk of serious harm.'" Id. "To meet the subjective element, an inmate must allege that the defendant prison officials possessed culpable intent–that is, the officials must have known that the inmate faced a substantial risk to his health or safety and disregarded that risk by failing to take corrective action." Id. at 12.

Here, Plaintiff alleges that he suffered a sufficiently serious medical condition. Due to a prior injury Plaintiff had a difficult time ambulating and sitting, requiring him to occupy handicap accessible housing. Second, the Defendants were subjecting Plaintiff to a serious risk to his safety by not providing a reasonable accommodation to him and ignoring his repeatedly requests

## CERTIFICATION

This is to certify that a copy of the foregoing was served electronically this 18th day of May 2022 to the following counsel of record:

**DeAnn S. Varunes**
Assistant Attorney General
Office of the Attorney General
McKenzie Hall
110 Sherman Street
Hartford, CT 06105
Tel: (860) 808-5450
Fax No. (860) 808-5591
Email: deann.varunes@ct.gov

_____
Michael E. Satti (CT 01311)

UNITED STATS DISTRICT COURT
DISTRICT OF CONNECTICUT

JORGE SANCHEZ

CIVIL NO. 3:20-CV-01229(VAB)

V.

KENNETH BUTRICKS, ET AL.           :           MAY 18, 2022

## AFFADAVIT OF JORGE SANCHEZ

I, Jorge Sanchez, being duly sworn, depose and say the following:

1. I am over the age of eighteen (18) years of age and believe in the obligations of an oath.
2. I am making the following statements based on my personal knowledge.
3. At all times relevant to this action, I was housed in Cheshire Correctional Institution ("Cheshire").
4. I am a qualified prisoner with a disability and am housed in a handicap/medical cell.
5. On or about April 27, 2020, I wrote to the maintenance supervisor alerting him that the toilet and sink in my cell were leaking and requested that it be fixed.
6. I never received a response to this request.
7. On or about April 27, 2020, I asked unit manager, Captain Rodriguez, if I could be moved into another medical cell until the leak was fixed.
8. Captain Rodriguez denied my request to be moved.
9. The leaking sink was in front of the cell door and as a result I did not feel safe walking in or out of my cell because I was afraid that I would slip and fall thereby injuring myself or aggravating my pre-existing injury.

10. I am required to leave my cell twice a day to visit the medical unit.
11. On or about May 15, 2020, I slipped and fell on water from the leaking toilet and sink when I was attempting to exit my cell to go to the medical unit.
12. This fall exacerbated my preexisting injury.
13. On or about May 15, 2020, I was forced back into my cell with the leaking toilet and sink.
14. On or about May 16, 2020, I asked for a reasonable accommodation, requesting that I be moved to a handicap cell that had a working toilet and sink.
15. Cheshire's Americans with Disabilities Act Coordinator Carbone ignored my request to be moved to an open and available handicap cell.
16. On or about May 18, 2020, I filed a level one grievance requesting that my toilet and sink be fixed.
17. I feared that I would fall and further injure myself due to being forced to remain in conditions that were unsafe due to the leaking toilet and sink.
18. On or about May 19, 2020, my sink and toilet were fixed.
19. On or about May 22, 2020, Cheshire Warden Kenneth Butricks, denied my level one grievance.
20. On or about May 22, 2020, I filed a level two grievance with the District Administrator with the Connecticut Department of Corrections, William Mulligan.
21. On or about June 15, 2020, William Mulligan denied my level two grievance but admitted to having knowledge of my reported fall.

I hereby certify that the foregoing statements are true and accurate to the best of my knowledge.

Jorge Sanchez

Subscribed and sworn to me this 18th day of May, 2022.

Michael E. Satti
Commissioner of the Superior Court
Michael E. Satti