UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JORGE SANCHEZ, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | 3:20-cv-1229 (OAW) |
| | : | |
| KENNETH BUTRICKS, et al., | : | |
|     Defendants. | : | |

### ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

**THIS CAUSE** is before the court upon Defendants' Motion for Summary Judgment and memorandum in support thereof (together, "Motion"). *See* ECF Nos. 31 and 31-1. The court has reviewed the Motion, Defendants' Statement of Facts ("Defendants' SOF"), *see* ECF No. 31-2, Plaintiff's opposition briefs, *see* ECF Nos. 39 and 41,[1] Plaintiff's responses to the Defendants' SOF, *see* ECF No. 38, all other supporting exhibits, and the record in this matter and is thoroughly advised in the premises.   Defendants did not file a reply brief and the time in which to do so has passed.

After careful review, the court concludes that the Motion for Summary Judgment must be **GRANTED.**

### I.    BACKGROUND

During the time relevant to this action, Plaintiff was a sentenced inmate housed at Cheshire Correctional Center within the Connecticut Department of Correction ("DOC").   ECF No. 31-2 at ¶ 2; ECF No. 38 at ¶ 2.   Plaintiff walks with a cane due to an old injury and for the period relevant to this action was housed in a special cell that

---

[1] Plaintiff timely filed an opposition to the Motion, but it was missing a page, and so the court granted Plaintiff leave to refile the complete brief.   *See* ECF No. 40.

accommodated individuals with mobility aids.   ECF No. 31-1 at p. 2; ECF No. 31-6 at p. 3, ¶ 6.   The plumbing in this cell started leaking, apparently as early as January 2020. ECF No. 31-6 at p. 8.   According to DOC records, the leak was resolved in January 2020 after Defendant Rodriguez, the unit manager, submitted a work order.   *Id.*; ECF No. 31-6 at p.4, ¶¶ 14–15.

Plaintiff asserts, however, that on or about April 27, 2020, he alerted the maintenance supervisor at the prison that the toilet and sink in his cell were leaking again.   ECF No. 1 at p. 14.   He asserts that on the same day, he asked Defendant Rodriguez if he could be moved to another handicap-accessible cell until the leak was fixed.   ECF No. 1 at p. 4, ¶ 13.   Plaintiff did not hear back from the maintenance supervisor and Defendant Rodriguez allegedly denied Plaintiff's request to be moved to a new cell.[2]   ECF No. 1 at p. 4, ¶¶ 12, 14.

On or about May 15, 2020, Plaintiff slipped on the leaking water in his cell and fell, exacerbating his injury.   ECF No. 38 at p. 6, ¶ 8; ECF No. 1 at p. 5, ¶ 20.   On or about May 16, 2020, Plaintiff wrote a formal request to be moved to another cell as a reasonable accommodation.   ECF No. 1 at p. 17.   He alleges that Defendant Carbone, the Americans with Disabilities Act Coordinator, denied that request.   ECF No. 1 at p. 6, ¶ 22.   On May 18, 2020, Plaintiff filed a grievance regarding the broken plumbing in his cell.   ECF No. 1 at 12. Defendant Butricks upheld Plaintiff's grievance and on May 19, 2020, the plumbing in Plaintiff's cell was fixed.   *Id.*

---

[2] Defendant Rodriguez does not recall this exchange, and asserts he had transferred out of the unit before the date in question.   ECF 31-6 at p. 3, ¶ 13.

Plaintiff initiated this action on August 21, 2020, *see* ECF No. 1, and upon initial review, the court permitted two claims to proceed against Defendants Rodriguez, Carbone, and Butricks: an Eighth Amendment claim for deliberate indifference to Plaintiff's health and safety, and a claim for violation of the Americans with Disabilities Act ("ADA").  *See generally* ECF No. 10.[3]  Defendants now argue that they are entitled to summary judgment on both claims.

## II.   STANDARD OF REVIEW

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  The moving party bears the burden of proving that no genuine factual disputes exist.  *See Vivenzio v. City of Syracuse*, 611 F.3d 98, 106 (2d Cir. 2010).  "In determining whether that burden has been met, the court is required to resolve all ambiguities and credit all factual inferences that could be drawn in favor of the party against whom summary judgment is sought."  *Id.*; *see also Matsushita Electric Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)).  "At the summary judgment stage of the proceeding, [the moving party is] required to present admissible evidence in support of their allegations; allegations alone, without evidence to back them up, are not sufficient."  *Welch-Rubin v. Sandals Corp.*, No. 3:03-cv-00481, 2004 WL 2472280, at *1 (D. Conn. Oct. 20, 2004).  Put another way, "'[i]f there is any evidence in the record that

---

[3] The constitutional claim is asserted against the defendants in their individual capacities, while the ADA claim is asserted against them in their official capacities.

could reasonably support a jury's verdict for the nonmoving party,' summary judgment must be denied." *Am. Home Assurance Co. v. Hapag Lloyd Container Linie, GmbH*, 446 F.3d 313, 315–16 (2d Cir. 2006) (quoting *Marvel Characters, Inc. v. Simon*, 310 F.3d 280, 286 (2d Cir.2002)).

A party who opposes summary judgment "cannot defeat the motion by relying on the allegations in his pleading, or on conclusory statements, or on mere assertions that affidavits supporting the motion are not credible." *Gottlieb v. County of Orange*, 84 F.3d 511, 518 (2d Cir.1996). Where there is no evidence upon which a jury could properly proceed to find a verdict for the party producing it and upon whom the onus of proof is imposed, such as where the evidence offered consists of conclusory assertions without further support in the record, summary judgment may lie. *Fincher v. Depository Trust & Clearing Corp.*, 604 F.3d 712, 726–27 (2d Cir. 2010).

## III.    DISCUSSION

### A.    Eight Amendment Claim

Defendants first maintain that no reasonable juror could find that they were deliberately indifferent to Plaintiff's health and safety in violation of the Eighth Amendment.

"[A] prison official cannot be found liable under the Eighth Amendment ... unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Darby v.*

*Greenman*, 14 F.4th 124, 128 (2d Cir. 2021) (quoting *Farmer v. Brennan*, 511 U.S. 825, 837 (1994) (alterations in original).   "To state an Eighth Amendment claim based on conditions of confinement, an inmate must allege that: (1) objectively, the deprivation the inmate suffered was 'sufficiently serious that he was denied the minimal civilized measure of life's necessities,' and (2) subjectively, the defendant official acted with 'a sufficiently culpable state of mind ..., such as deliberate indifference to inmate health or safety.'" *Walker v. Schult*, 717 F.3d 119, 125 (2d Cir. 2013) (quoting *Gaston v. Coughlin*, 249 F.3d 156, 164 (2d Cir.2001)) (alteration in original).   To show that Defendants acted with deliberate indifference, Plaintiff must show that they acted with more than mere negligence.   *Farmer*, 511 U.S. at 835.   "The prison official must know of, and disregard, an excessive risk to inmate health or safety."   *Jabbar v. Fischer*, 683 F.3d 54, 57 (2d Cir. 2012).

Defendants concede, for purposes of the Motion, that Plaintiff has satisfied the objective element.   They argue, though, that Plaintiff cannot show the subjective element.   More specifically, they argue that neither Defendant Rodriguez nor Defendant Carbone was in a position to satisfy Plaintiff's requests (Defendant Rodriguez because he was no longer assigned to Plaintiff's housing unit, Defendant Carbone because he was no longer the ADA Coordinator), and that Defendant Butricks did not even know about the leak until after Plaintiff's fall.

The court agrees with Defendants.   Plaintiff does not address this argument with respect to Defendant Butricks, but there is no evidence in the record that Defendant Butricks knew about the leak until Plaintiff submitted his grievance, and then the leak was

fixed within a day.   Therefore, there is no evidence that Defendant Butricks acted with the requisite indifference.

With respect to Defendant Carbone, Defendants argue that Defendant Carbone had left the position of ADA Coordinator by the time Plaintiff made his formal request and had informed Plaintiff as much, instructing him to contact the new ADA Coordinator. ECF No. 31-5 at pp. 3–4, ¶¶ 14–15.   Plaintiff responds by stating that an email dated April 17, 2020, which Defendants provided, shows that Defendant Carbone was still answering questions about ADA issues at that time.   ECF No. 31-5 at 10–11.   Review of the exhibit in question, though, shows that Defendant Carbone responded to an inquiry only to note that he could not provide the information requested and to refer the inquirer to the individual who had taken over as ADA Coordinator.   And even assuming that Defendant Carbone did handle some ADA-related inquiries, Plaintiff does not deny that Defendant Carbone instructed him to bring his request to the new ADA Coordinator, which is not an unreasonable response to Plaintiff's request for a reasonable accommodation, and which does not amount to disregard for Plaintiff's safety.   Further, it is undisputed that Plaintiff did not file a formal request for an accommodation until after he had fallen.[4] Therefore, summary judgment on this claim also is warranted as to Defendant Carbone.

Finally, with respect to Defendant Rodriguez, even assuming that the leak constitutes an "excessive risk," and even if Defendant Rodriguez did not order repairs in April 2020, there is nothing in the record from which the court could infer anything more

---

[4] The court additionally points out that even Plaintiff's report of the leak to the maintenance supervisor was, by his own account, on April 27, 2020 (some ten days after the email in which Defendant Carbone explained that he no longer was ADA coordinator).   *See* ECF No. 1 at p. 14; ECF No. 31-5 at 10–11.

than negligence in his actions.   It appears that while he was still the unit manager of Plaintiff's unit, he did submit a work order to repair the leak in Plaintiff's cell on January 14, 2020, which was repaired the following day. And at the time Plaintiff allegedly asked Defendant Rodriguez to move him to a different cell, Defendant Rodriguez was at least transitioning out of the unit, if not already transitioned out.   These facts weigh against a finding of deliberate indifference, and Plaintiff does not point to anything else which might show that Defendant Rodriguez committed anything more than negligent human error. Therefore, summary judgment also is justified as to Defendant Rodriguez with respect to the Eighth Amendment claim.

> **B.    ADA Claim**

Defendants next argue that no reasonable jury could find in Plaintiff's favor on the ADA claim.

To establish a prima facie case under the ADA, Plaintiff "must show that 1) he is a qualified individual with a disability; 2) [the prison] is an entity subject to the [ADA]; and 3) he was denied the opportunity to participate in or benefit from [prison] services, programs, or activities or [the prison] otherwise discriminated against him by reason of his disability."  *McFadden v. Noeth*, 827 F. App'x 20, 27–28 (2d Cir. 2020) (quoting *Wright v. N.Y. State Dep't of Corr. & Cmty. Supervision*, 831 F.3d 64, 72 (2d Cir. 2016)) (alterations in original).   Defendants do not dispute, for purposes of the Motion, that Plaintiff is a qualified individual with a disability.   Nor is it reasonably disputed that Cheshire is subject to the ADA.   Defendants argue, though, that Plaintiff was not

excluded from benefiting from any prison program, and he was not subjected to discrimination by reason of his disability.

The court agrees with Defendants.   Even assuming that the leak in Plaintiff's cell deprived him of a prison benefit, there is nothing in the record that indicates that the deprivation resulted from discriminatory animus.   There is nothing to support Plaintiff's assertion in his complaint that inmates without disabilities are given transfers to different cells in similar circumstances, and it is undisputed that (1) Plaintiff only requested a reasonable accommodation after his fall and (2) the leak was fixed within a few days of that request.   Even assuming that Plaintiff's verbal request either to Defendant Carbone or to Defendant Rodriguez also constituted a request for a reasonable accommodation, the court cannot infer discrimination from either defendant's response or lack thereof, particularly given that each of them either was moving on to a new position or already had moved on to a new position, and there is no other history of discrimination against Plaintiff.   Any failure to address the leak is more likely attributable to unintentional negligence than to discrimination.

## IV.    CONCLUSION

For the foregoing reasons, it is **ORDERED AND ADJUDGED** as follows:

1.     Defendants' Motion for Summary Judgment (ECF No. 31) is **GRANTED.**

2.     The court respectfully asks the Clerk of Court to enter judgment in Defendants' favor and to **CLOSE** this case.

.

_____/s/_____
Omar A. Williams
United States District Judge

SO ORDERED at Hartford, Connecticut this 23rd day of Semptember, 2022.